THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTESA LEE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF CHICAGO, a municipal corporation, Chicago Police Officer RAYMOND J. HARAN, and Chicago Police Sergeant WILLIAM J. SPYKER,<br><br>    Defendants. | No. 20-CV-1508<br><br>Hon, John J. Tharp, Jr.<br><br>Mag. Judge Jeffrey Cummings<br><br>*Jury Trial Demanded.* |

## JOINT INITIAL STATUS REPORT PURSUANT TO FRCP 26(f)

On June 8, 2020, the parties conferred as required by Fed. R. Civ. P. 26(f). Plaintiff participated in the conference via her counsel, Jordan Marsh, and Defendants participated via their counsel, Mark Winistorfer, Raoul Mowatt, and Stephanie Sotomayor. The parties discussed the matters required by Rule 26(f)(2).

**1. Nature of the Case:**

 **A. Attorneys of record:**

 **For Plaintiff:**

 Jordan Marsh
 Law Office of Jordan Marsh, LLC
 5250 Old Orchard Rd Suite 300
 Skokie IL 60077
 p (312) 401-5510
 f (312) 667-9216
 jordan@jmarshlaw.com

 **For Defendants Haran and Spyker:**

 Mark Winistorfer
 Gregory Beck
 Brian Wilson
 City of Chicago Department of Law

Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744 - 6905 (Winistorfer)
mark.winistorfer2@cityofchicago.org

**For Defendant City of Chicago:**

Raoul Mowatt
Jonathan Clark Green
Stephanie Sotomayor
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-3283 (Mowatt)
raoul.mowatt@cityofchicago.org

B. **Nature of claims asserted:** This case arises out of the arrest and detention of Plaintiff Martesa Lee by the Defendants. Plaintiff claims that Defendant officers arrested her in retaliation for her attempt to pursue a complaint against Defendant Haran. Plaintiff asserts three federal claims and two substantive state law claims.

Plaintiff's federal claims are 1) Violation of Plaintiff's First Amendment Rights, 2) Unlawful Detention, and 3) False Arrest/Illegal Seizure.

Plaintiff's state law claims are 1) False Imprisonment, 2) Intentional Infliction of Emotional Distress, and 3) Indemnification.

C. **Major legal and factual issues in the case:**

1. Was Plaintiff threatened with arrest in order to prevent her from pursuing a complaint against Defendant Haran?

2. Was Plaintiff arrested in retaliation for her stated intent to pursue a complaint against Defendant Haran?

3. Was there probable cause for Plaintiff's arrest?

2

4. If there was probable cause for Plaintiff's arrest, do the facts of this case fit within the exception to the no-probable cause requirement enunciated in *Nieves v. Bartlett,* 139 S.Ct. 1715 (2019)?

5. Did the alleged conduct of Defendants Haran and Spyker rise to the level of extreme or outrageous conduct, did the Defendants know or should they have known that video footage of Plaintiff's arrest and/or detention would be broadcast by a media outlet, and did the emotional distress allegedly suffered by Plaintiff rise to the level of the extreme emotional distress necessary to support a claim of intentional infliction of emotional distress consistent with the requirements enunciated in *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 269, 798 N.E.2d 75, 80 (2003)?

**D.** **Relief sought:** Plaintiff seeks compensatory and punitive damages, and reasonable attorney's fees and costs.

**2. Basis for Federal Jurisdiction:**

A. Federal Question: 42 USC § 1983, 28 USC §§ 1331 and 1343.

B. Supplemental Jurisdiction: 28 USC § 1367.

There is no diversity of citizenship among the parties.

**3. Status of service:**

All parties have been served.

**4. Consent to Proceed Before a United States Magistrate Judge:**

Counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously. The parties do not unanimously consent to proceed before the Magistrate Judge.

**5. Motions:** Defendants have filed an unopposed motion for an extension of time to prepare their MIDP disclosures from June 8, 2020 to June 22, 2020.

**6. Status of Settlement Discussions:**

A. Parties have engaged in informal settlement discussions, and remain far apart.

3

B. Defendant City of Chicago served an offer of judgment pursuant to FRCP 68, which Plaintiff rejected on May 5, 2020. At this point, it appears the parties will be unable to resolve this matter prior to written and oral discovery in the absence of a settlement conference.

C. The parties do not request a settlement conference at this time.

**7. proposed case management schedule:**

A. The parties agree that discovery may be requested on the following subjects (without waiver of any objections to such requests): Plaintiff's claims; Plaintiff's alleged damages; Plaintiff's mitigation of damages; and Defendants' defenses. The parties agree that the format of discovery will be written discovery requests, requests to admit, subpoenas, and depositions.

B. The parties do not yet know if ESI will be involved in this case, but agree to work together amicably and in good faith to resolve any issues that may arise.

C. The parties do not anticipate any issues about claims of privilege or protection as trial-preparation materials.

D. The parties will complete fact discovery by December 31, 2020, assuming the parties will be able to conduct depositions in a timely fashion after written discovery, in light of the current pandemic. If delays arise, one or more of the parties will petition the court for appropriate relief.

E. There is no dispute as to the discovery schedule.

**8. Experts:** The parties do not anticipate the necessity of retained or non-retained expert witnesses at this time, but reserve the right to disclose the same.

9. **Discovery modifications:** At this time, the parties do not anticipate the need to modify the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules.

10. **MIDP Responses:** MIDP Responses are due on or before June 8, 2020 for all parties. Defendants have requested a short extension pursuant to Rule 29 in light of the ongoing pandemic and civil unrest, which Plaintiff does not oppose.

11. **Dispositive motions:** Dispositive motions to be filed on or before February 19, 2021.

Dated: June 8, 2020.

| | |
|---|---|
| **/s/ Jordan Marsh** | **/s/ Mark D. Winistorfer** |
| LAW OFFICE OF JORDAN MARSH<br>5250 Old Orchard Rd Suite 300<br>Skokie IL 60077<br>(312) 401-5510<br>jordan@jmarshlaw.com | City of Chicago Department of Law<br>Federal Civil Rights Litigation Division<br>30 N. LaSalle Street, Suite 900<br>Chicago, IL 60602<br>(312) 744-6905<br>mark.winistorfer2@cityofchicago.org |
| **/s/ Raoul Vertick Mowatt** | **/s/Stephanie Sotomayor** |
| City of Chicago Department of Law<br>30 N. LaSalle St., Suite 900<br>Chicago, IL 60602<br>(312) 744-3283<br>Raoul.mowatt@cityofchicago.org | CITY OF CHICAGO DEPT. OF LAW<br>30 LaSalle Street, Suite 900<br>Chicago, IL 60602<br>(312) 744-9171<br>Stephanie.sotomayor@cityofchicago.org |